**CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Plaintiff–Appellant,**

v.

**FYN PAINT & LACQUER CO., INC., William Feinstein, Defendants–Counter–Claimants–Third–Party–Plaintiffs–Appellees,**

**Kent River Corp., Defendant–Cross–Claimant–Appellee,**

**North River Insurance Company, Third–Party–Defendant.**

No. 08–1998–cv.

United States Court of Appeals, Second Circuit.

June 16, 2009.

Guy Miller Struve, Davis Polk & Wardwell, LLP, New York, N.Y. (Philip E. Karmel and Scott H. Kaiser, Bryan Cave LLP, New York, NY, and Peter P. Garam and Lawrence S. Menkes, Consolidated Edison Company, New York, NY, on the brief), for Appellant.

Brian D. Graifman, Gusrae, Kaplan, Bruno & Nusbaum PLLC, New York,

N.Y. (Edward F. Beane and Nicholas M. Ward–Willis, Keane & Beane, P.C., White Plains, NY, on the brief), for Appellee.

Present: PIERRE N. LEVAL, ROSEMARY S. POOLER and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Consolidated Edison Company of New York, Inc. ("Con Edison") appeals from a judgment of the United States District Court for the Eastern District of New York (Trager, *J.*), entered on March 31, 2008, enforcing an on-the-record settlement agreement between Con Edison and defendants-appellees Fyn Paint & Lacquer Co., Inc. ("Fyn Paint") and William Feinstein ("Feinstein"). We assume the parties' familiarity with the facts, procedural background, and specification of issues on appeal.

The parties asserted claims against one another under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. 9601 *et seq.*, and New York State law, related to soil contamination at their adjacent properties in Williamsburg, Brooklyn. The district court entered a "settlement judgment" to enforce the settlement agreement reached by the parties. *See Manning v. New York Univ.*, 299 F.3d 156, 163 (2d Cir.2002) (per curiam) ("A settlement judgment allows the district court to retain authority to 'implement[ ] but not expand[ ] upon the parties' settlement agreement." (quoting *Janus Films, Inc. v. Miller*, 801 F.2d 578, 583 (2d Cir.1986))).

Con Edison argued before the district court and argues on appeal that the settlement is unenforceable because defendants did not update their financial disclosure affidavit when, nearly four years after the May 7, 2003 conference, defendants received a down payment for the pending sale of their property.

The district court reasonably found that, in numerous appearances before the court, Con Edison waived any right it had previously negotiated to receive an updated financial statement at the time of final signing of the agreement. *See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J.*, 448 F.3d 573, 584–85 (2d Cir.2006). After the May 7, 2003 settlement, Con Edison did not raise the issue of an updated affidavit for nearly four years. When Con Edison stated at the March 12, 2007 hearing that it wanted "updated financials," the district court explained that Con Edison could not complain if defendants "won the Lottery or made $2 million" after the parties entered the settlement. Con Edison responded: "Your point is well taken. We will take the financial statements that the court saw." Without reserving its right, Con Edison accepted the financial affidavit reviewed by the district court in May 2003. During negotiations over the following ten months, the parties continued to raise outstanding issues with the district court, but Con Edison did not raise the issue of an updated affidavit until it opposed defendants' proposed order of settlement. We agree with the district court that circumstances here demonstrate Con Edison's waiver of any right to an updated affidavit.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.